24-124
Paucar-Yamba v. Bondi

BIA
Reid, IJ
A220 599 692, 240 476 960/961/962

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-six.

PRESENT:
GUIDO CALABRESI,
JOSEPH F. BIANCO,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

JORGE ISRAEL PAUCAR-YAMBA,
MARIA GUADALUPE DIAZ-ASES,
E.M.P-D, K.D.P-D,
*Petitioners*,

v.                                                                          **24-124**
                                                                            **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
*Respondent.**

_____

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR PETITIONERS: Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Colin J. Tucker, Senior Litigation Counsel; Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jorge Israel Paucar-Yamba, Maria Guadalupe Diaz-Ases, and their minor children, natives and citizens of Ecuador, seek review of a December 14, 2023, decision of the BIA summarily affirming a September 2, 2022, decision of an Immigration Judge ("IJ") denying Paucar-Yamba's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Paucar-Yamba, et al.*, Nos. A 220 599 692, 240 476 960/961/962 (B.I.A. Dec. 14, 2023), *aff'g* Nos. A 220 599 692, 240 476 960/961/962 (Immig. Ct. N.Y. City Sept. 2, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision, "we review the IJ's decision as the final agency determination." *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024) (quotation marks omitted). "We review questions of law and applications of law to fact *de novo* and factual findings for substantial evidence." *Id.* "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a well-founded fear or likelihood of future persecution. *Id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). A CAT applicant must establish he will "more likely than not" be tortured if removed. 8 C.F.R. § 1208.16(c)(2). The agency did not err in concluding that Paucar-Yamba did not establish past persecution or a well-founded fear of persecution or likelihood of torture.

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). Although it "includes more than threats to life or freedom and extends to non-life-threatening violence and physical

3

abuse," *KC*, 108 F.4th at 135 (quotation marks omitted), the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). "[W]ithout aggravating factors that suggest imminence or extreme menace, unfulfilled threats are merely harassment and cannot qualify as past persecution." *KC*, 108 F.4th at 135.

Paucar-Yamba alleged discrimination—that indigenous people are marginalized and indigenous youth often must work to support their families, and that he suffered daily (unspecified) discrimination by white and mestizo people while shopping or taking his daughter to school—and that criminals who wanted him to work for them once threatened to kill him and his wife and daughters. This unspecified discrimination and single threat do not rise to the level of persecution, particularly as the threat was made in his taxi, not at his home, and the men did not approach him again in the more than six months before he left Ecuador. *See id.*; *Ivanishvili*, 433 F.3d at 341.

Absent past persecution, Paucar-Yamba had the burden to establish a well-founded fear of future persecution, and that his indigenous ethnicity would be "one central reason" for the feared persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(b)(1), (2)(i), 1208.16(b)(2). This "one central reason" standard

4

applies to both asylum and withholding of removal. *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). Paucar-Yamba did not allege facts to show he was targeted because he was indigenous. An applicant must prove "a sufficiently strong nexus" between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014) (quotation marks omitted). An applicant "must provide *some* evidence . . . , direct or circumstantial," to establish the persecutor's motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Paucar-Yamba's affidavit does not mention a connection between his race and the requests to transport bags or the threat, nor does he allege that the criminals made statements about his race. Accordingly, he did not meet his burden to show that his indigenous race would be a central reason for his feared harm. *See id.*; *Paloka*, 762 F.3d at 196–97.

Nor did he meet his burden for CAT relief. A CAT applicant must show he will "more likely than not" be tortured, and that such torture would be "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). When determining the likelihood of future torture, the agency considers, among other

things, "[e]vidence of past torture," the ability to internally relocate, "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3). To establish acquiescence to torture, the applicant must show "that the public official, prior to the activity constituting torture, [will] have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7).

The IJ denied the CAT claim because there was no past physical harm, Paucar-Yamba failed to show that he could not relocate or change jobs, and he never reported the threat. The record does not reveal error in this determination, particularly as Paucar-Yamba remained unharmed in Ecuador for more than six months after the threat. His argument that the agency did not consider the CAT claim is belied by the record. *See* Certified Administrative Record at 34. And his argument that the IJ erred in requiring him to show government acquiescence to torture ignores the language of the regulations and is insufficiently argued. While there may be overlap between the acquiescence standard and the unable-or-unwilling to protect standard for asylum and withholding of removal, *see Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020), Paucar-Yamba's argument that the

6

IJ applied the wrong standard is conclusory, and the case relied on, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020), does not address standards for CAT claims.

A copy of this order will be forwarded to this Court's Grievance Panel for consideration of the following issues with the brief. First, the brief includes factual allegations that are not supported by the record. For example, it alleges that the petitioner suffered savage beatings and that the IJ failed to consider the CAT claim. *See* Petitioner's Br. at 6–7, 11. Second, Mr. Borja argues, as he has in other cases, that the nexus requirement for withholding of removal is less stringent than that for asylum. *See id.* at 8–9. To the contrary, it is well-settled in this Circuit that the "one central reason" standard also applies to withholding of removal, *see Quituizaca*, 52 F.4th at 109–14, and we have rejected this argument in other cases filed by Mr. Borja, *see, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054 at *1 (2d Cir. Apr. 23, 2024) (summary order). Third, Mr. Borja repeats arguments he has raised in other briefs that are either not relevant or are insufficiently argued, including the challenge to the acquiescence standard referenced above and an assertion that the IJ deemed the application abandoned.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court